# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHAEL MULKEY | * | |
|     PLAINTIFF | * | CIVIL ACTION NO. 16-451-JWD-EWD |
| | * | |
| VS. | * | |
| | * | |
| XEROX EDUCATION SERVICES, LLC | * | |
| D/B/A ACS EDUCATION SOLUTIONS, AND | * | |
| EXPERIAN INFORMATION SOLUTIONS, INC. | * | |
|     DEFENDANTS | * | |

## FIRST SUPPLEMENTAL AND AMENDED COMPLAINT

This is an action for damages brought by an individual consumer, who is a victim of identity theft, for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 by defendants Xerox Education Services, LLC d/b/a ACS Education Solutions and Experian Information Solutions, Inc., and for violations of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by defendant Access Group, Inc.

1. Plaintiff Michael Mulkey ("plaintiff' or "Mr. Mulkey") is a natural person residing in West Feliciana Parish, state of Louisiana, and is a consumer as defined by the FCRA, 15 U.S.C. § 1681a(c).

2. Defendant Xerox Education Services, LLC d/b/a ACS Education Solutions ("ACS") is a person(s) who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681s-2. ACS is a foreign corporation authorized to do and doing business in the state of Louisiana, who can be served through its registered agent for service of process, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, LA 70802.

3. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting

1

agency as defined by the FCRA, 15 U.S.C. § 1681a(f). Experian is a foreign corporation doing business in the state of Louisiana, who can be served through its registered agent for service of process, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA 70816.

4. Defendant Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

5. Defendant Access Group, Inc. ("Access Group") is a foreign corporation doing business in the state of Louisiana.

## IV. FACTUAL ALLEGATIONS

6. On January 21, 2005, Corianne Munski ("Ms. Munski") signed Mr. Mulkey's name to an application by defendant Access Group, Inc., for a student loan for herself to attend Nova Southeastern University in Florida.

7. Mr. Mulkey did not authorize Ms. Munski to sign his name and it was done without his knowledge, permission or consent.

8. At the time Ms. Munski signed Mr. Mulkey's name to this note, Mr. Mulkey was married to Ms. Munski's mother, Nicolene Mulkey.

9. This application also contained numerous mistakes as to Mr. Mulkey's personal information, including but not limited to his employer, his salary, the address which was actually Ms. Munski's, and the telephone numbers listed.

10. Mr. Mulkey learned of this note in 2011 when he began receiving telephone calls on his cellular telephone from defendant Access Group.

11. Mr. Mulkey informed Access Group that this was not his loan and he did not authorize it.

12. Mr. Mulkey also informed Access Group that it was not to call him about this loan on his cellular telephone, however Access Group ignored this instruction by Mr. Mulkey and continued to call him for the next five years on his cellular telephone.

13. Mr. Mulkey had a police report filed to try to stop the collection of this account but it did not work.

14. Mr. Mulkey sent this police report to defendant Access Group, Inc. in late August 2014 along with an affidavit of forgery it had requested from him.

15. Access Group sent a letter to Mr. Mulkey dated October 13, 2014 rejecting Mr. Mulkey's claims of forgery.

16. Access Group has placed numerous calls, including approximately fifty calls since September 2015, to Mr. Mulkey's cellular telephone number in the four years prior to filing this supplemental and amended complaint.

17. These calls by Access Group were placed by it using an "automated telephone dialing system" with a distinct gap or pause when Mr. Mulkey answered each call prior to a live human being speaking to him on behalf of Access Group.

18. Access Group contracted with defendant ACS to try to collect this alleged debt from Mr. Mulkey.

19. Defendant ACS has been reporting this account to one or more consumer reporting agencies, including but not limited to co-defendant Experian.

20. Mr. Mulkey then mailed a letter on or about November 2, 2015 disputing the

reporting of the ACS account to defendant Experian.

22. This letter included a copy of the Identity Theft Affidavit from the Federal Trade Commission and a police report.

22. For Mr. Mulkey's dispute of November 2, 2015, Experian notified ACS of plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a).

23. In response to plaintiff's dispute received from Experian, ACS verified the wrongful reporting of the ACS account to Experian.

24. In response to the dispute by Mr. Mulkey, defendant Experian maintained the reporting of ACS's information as before on Mr. Mulkey's consumer report.

25. Mr. Mulkey again mailed letters disputing the reporting of the ACS account to defendant Experian on February 5, 2016.

26. For Mr. Mulkey's dispute of February 5, 2016, Experian refused to reinvestigate plaintiff's disputes.

**DEFENDANT ACS'S PRACTICES**

27. Defendant ACS negligently and willfully failed to comply with the requirements of the FCRA in 15 U.S.C. § 1681s-2(b).

28. As a result of defendant ACS's failure to comply with the requirements of the FCRA, plaintiff has suffered actual damages, including damage to his reputation, emotional distress, mental anguish, stress, humiliation, and aggravation for which he seeks damages in amounts to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

**DEFENDANT EXPERIAN'S PRACTICES**

29. Defendant Experian negligently and willfully failed to comply with the requirements of FCRA, including but not limited to:

    a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports concerning the plaintiff, as required by 15 U.S.C. § 1681e(b); and

    b) failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i(a) as to each plaintiff.

30. As a result of defendant Experian's failures to comply with the requirements of the FCRA, plaintiff has suffered actual damages, including damage to each of their reputations, emotional distress, mental anguish, stress, humiliation, and aggravation for which he seeks damages in amounts to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

WHEREFORE, plaintiff respectfully requests that the Court grant the following relief in his favor and against defendant ACS and Experian each for:

    a) Actual damages;

    b) Punitive damages;

    c) Attorney fees, litigation expenses and costs; and

    d) Such other and further relief as is appropriate.

**DEFENDANT ACCESS GROUP'S PRACTICES**

31. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting

telephone consumers from this nuisance and privacy invasion."

32. Defendant Access Group's phone calls harmed Mr. Mulkey by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy.

33. Defendant Access Group's phone calls harmed Mr. Mulkey by trespassing upon and interfering with his rights and interests in his cellular telephone.

34. Defendant Access Group's phone calls harmed Mr. Mulkey by intruding upon his seclusion.

35. Defendant Access Group harassed Mr. Mulkey by incessantly calling his telephone.

36. Defendant Access Group's phone calls harmed Mr. Mulkey by causing him aggravation and annoyance.

37. Defendant Access Group's phone calls harmed Mr. Mulkey by wasting his time.

38. As a result of defendant ACS's negligent failure to comply with the requirements of the TCPA as set forth above, plaintiff has suffered the greater of actual damages, including emotional distress, mental anguish, stress, humiliation, and aggravation for which he seeks damages in amounts to be determined by the jury, or $500 in statutory damages per telephone call placed by defendant Access Group.

39. The above and foregoing constitute numerous knowing and/or willful violations of the provisions of the TCPA and plaintiff is entitled to treble damages as provided by statute up to $1500 for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

40. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

WHEREFORE, plaintiff respectfully requests that the Court grant the following relief in his favor and against defendant Access Group, Inc. for:

(a) The greater of actual damages or $500.00 per violation of the TCPA;

(b) Treble damages as provided by statute up to $1500.00 per violation of the TCPA;

Injunctive relief prohibiting defendant Access Group from violating the TCPA in the future as to Mr. Mulkey;

(d) litigation expenses and costs; and

(e) Such other and further relief as is appropriate.

A JURY TRIAL IS DEMANDED.

                              s/Garth J. Ridge
                              **GARTH J. RIDGE**
                              Attorney for Plaintiff
                              Bar Roll Number: 20589
                              251 Florida Street, Suite 301
                              Baton Rouge, Louisiana 70801
                              Telephone Number: (225) 343-0700
                              Facsimile Number: (225) 343-7700
                              E-mail: GarthRidge@aol.com