**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION**

| | |
|---|---|
| MICHAEL MULKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:16-CV-00451-JWD-EWD |
| | ) |
| XEROX EDUCATION SERVICES, LLC D/B/A ACS EDUCATION SOLUTIONS; and EXPERIAN INFORMATION SOLUTIONS, INC. | ) |
| | ) |
| Defendants. | |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
FIRST SUPPLEMENTAL AND AMENDED COMPLAINT**

Defendant Experian Information Solutions, Inc. ("Experian") hereby submits its Answer and Affirmative Defenses to the First Supplemental and Amended Complaint ("Complaint") of Plaintiff Michael Mulkey ("Plaintiff"). For purposes of its Answer and Affirmative Defenses, Experian will respond to all allegations in the Complaint directed to the "Defendants" as referring only to Experian. Unless otherwise indicated, Experian lacks sufficient information to form a belief as to the truth of the allegations directed to the other defendant Xerox Education Services, LLC d/b/a ACS Education Solutions, and on that basis denies each and every such allegation.

The unnumbered introductory paragraph of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian solely admits that Plaintiff purports to state claims allegedly arising under the Fair Credit Reporting Act ("FCRA"), 15

U.S.C. §§ 1681, *et seq.* and the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Experian denies that it violated the FCRA. Experian is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations in the introductory paragraph and on that basis, denies, generally and specifically, each and every such allegation.

1. Paragraph 1 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1 and on that basis denies each and every allegation therein.

2. Experian lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and on that basis denies each and every allegation therein.

3. Experian admits it is an Ohio corporation qualified to do business in the State of Louisiana. Experian admits that it can be served through its registered agent for service of process. The remainder of Paragraph 3 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). Except as expressly admitted, Experian denies any and all remaining allegations in Paragraph 3.

4. Paragraph 4 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). Except as expressly admitted, Experian denies any and all remaining allegations in Paragraph 4.

5. Experian lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and on that basis denies each and every allegation therein.

## **FACTUAL ALLEGATIONS**[1]

6. Experian lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and on that basis denies each and every allegation therein.

7. Experian lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and on that basis denies each and every allegation therein.

8. Experian lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and on that basis denies each and every allegation therein.

9. Experian lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and on that basis denies each and every allegation therein.

10. Experian lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and on that basis denies each and every allegation therein.

---

[1] For ease of reference and to facilitate a review of its Answer and Affirmative Defenses, Experian has incorporated into its Answer the headings used by Plaintiff in the Complaint, but in doing so, Experian does not adopt either expressly or by implication the statements contained in those headings. Furthermore, under commonly accepted requirements for pleadings, no response on the part of Experian is needed to the headings used by Plaintiff, but if Experian is mistaken in this regard, Experian hereby expressly denies any factual allegations or legal conclusions contained in the headings used by Plaintiff.

11. Experian lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and on that basis denies each and every allegation therein.

12. Experian lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and on that basis denies each and every allegation therein.

13. Experian lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and on that basis denies each and every allegation therein.

14. Experian lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and on that basis denies each and every allegation therein.

15. Experian lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and on that basis denies each and every allegation therein.

16. Experian lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and on that basis denies each and every allegation therein.

17. Experian lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and on that basis denies each and every allegation therein.

18. Experian lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and on that basis denies each and every allegation therein.

19. Experian lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and on that basis denies each and every allegation therein.

20. Experian admits that it received a dispute letter from Plaintiff dated November 2, 2015. Experian lacks information sufficient to form a belief about the remaining allegations in Paragraph 20 of the Complaint and on that basis denies each and every remaining allegation therein.

21. Experian admits that the dispute letter dated November 2, 2016 from Plaintiff included attachments purporting to be an "Offense Report" and an "ID Theft Affidavit." Experian denies any all remaining allegations in Paragraph 21 of the Complaint.

22. Experian admits the allegations in Paragraph 22 of the Complaint.

23. In response to Paragraph 23 of the Complaint, Experian states that ACS indicated the account information should be modified. Experian denies any and all remaining allegations in Paragraph 23.

24. Experian denies the allegations in Paragraph 24 of the Complaint.

25. Experian admits that it received a dispute letter from Plaintiff February 5, 2016. Experian lacks information sufficient to form a belief about the remaining allegations in Paragraph 25 of the Complaint and on that basis denies each and every remaining allegation therein.

26. Experian denies the allegations in Paragraph 26 of the Complaint.

## DEFENDANT ACS'S PRACTICES

27. Paragraph 27 relates wholly to the conduct of another Defendant. To the extent a response is required from Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and on that basis denies each and every allegation contained therein.

28. Paragraph 28 relates wholly to the conduct of another Defendant. To the extent a response is required from Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and on that basis denies each and every allegation contained therein.

## DEFENDANT EXPERIAN'S PRACTICES

29. Experian denies each and every allegation in Paragraph 29 of the Complaint, including all subparts.

30. Experian admits that Plaintiff purports to seek damages. Experian denies that it violated the FCRA. Experian denies that Plaintiff suffered damages and denies that Plaintiff is entitled to any damages whatsoever from Experian. Experian denies each and every remaining allegation in Paragraph 30.

## DEFENDANT ACCESS GROUP'S PRACTICES

31. Paragraph 31 of the Complaint recites legal conclusions that require no response. To the extent a response is required, Experian states that the written statute cited by Plaintiffs is the best evidence of its contents and respectfully refers the Court thereto, and denies the averments in Paragraph 31 of the Petition to the extent they deviate from or are inconsistent with the statute as a whole. Experian denies any and all remaining allegations in Paragraph 31.

32. Paragraph 32 relates wholly to the conduct of another Defendant. To the extent a response is required from Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and on that basis denies each and every allegation contained therein.

33. Paragraph 33 relates wholly to the conduct of another Defendant. To the extent a response is required from Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and on that basis denies each and every allegation contained therein.

34. Paragraph 34 relates wholly to the conduct of another Defendant. To the extent a response is required from Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and on that basis denies each and every allegation contained therein.

35. Paragraph 35 relates wholly to the conduct of another Defendant. To the extent a response is required from Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and on that basis denies each and every allegation contained therein.

36. Paragraph 36 relates wholly to the conduct of another Defendant. To the extent a response is required from Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and on that basis denies each and every allegation contained therein.

37. Paragraph 37 relates wholly to the conduct of another Defendant. To the extent a response is required from Experian, Experian is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 37 and on that basis denies each and every allegation contained therein.

38. Paragraph 38 relates wholly to the conduct of another Defendant. To the extent a response is required from Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and on that basis denies each and every allegation contained therein.

39. Paragraph 39 relates wholly to the conduct of another Defendant. To the extent a response is required from Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and on that basis denies each and every allegation contained therein.

40. Paragraph 40 relates wholly to the conduct of another Defendant. To the extent a response is required from Experian, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and on that basis denies each and every allegation contained therein.

\* \* \* \*

41. Further answering each and every paragraph of the Complaint, Experian denies any and all allegations not specifically admitted above. Experian further denies that Plaintiff is entitled to any relief, including the relief requested in Plaintiff's "Prayer for Relief."

**AFFIRMATIVE DEFENSES**

42. Without assuming the burden of proof where it otherwise rests with Plaintiff, Experian pleads the following defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CLAIM)

43. The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE
## (QUALIFIED IMMUNITY)

44. All of Plaintiff's claims against Experian are barred by the qualified immunity of FCRA, 15 U.S.C. § 1681h(e).

## THIRD AFFIRMATIVE DEFENSE
## (TRUTH/ACCURACY OF INFORMATION)

45. All of Plaintiff's claims against Experian are barred because any information Experian communicated to any third person regarding Plaintiff was true.

## FOURTH AFFIRMATIVE DEFENSE
## (INDEMNIFICATION)

46. Any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FIFTH AFFIRMATIVE DEFENSE
## (FAILURE TO MITIGATE DAMAGES)

47. Plaintiff has failed to mitigate his damages.

## SIXTH AFFIRMATIVE DEFENSE
## (CONTRIBUTORY/COMPARATIVE FAULT)

48. Any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SEVENTH AFFIRMATIVE DEFENSE
## (ESTOPPEL)

49. Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## EIGHTH AFFIRMATIVE DEFENSE
## (UNCLEAN HANDS)

50. The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE
## (STATUTE OF LIMITATIONS)

51. Plaintiff's claims are barred by the statute of limitations, including but not limited to FCRA, 15 U.S.C. § 1681p.

## TENTH AFFIRMATIVE DEFENSE
## (INTERVENING CAUSES)

52. Any damages Plaintiff may have suffered, which Experian continues to deny, were caused not by Experian but by intervening causes.

## ELEVENTH AFFIRMATIVE DEFENSE
## (PUNITIVE DAMAGES)

53. Plaintiff's claims for exemplary or punitive damages violate the Due Process and Double Jeopardy Clauses of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

## TWELFTH AFFIRMATIVE DEFENSE
## (LACHES)

54. The Complaint and each claim for relief therein are barred by laches.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (RIGHT TO ASSERT ADDITIONAL DEFENSES)

55. Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## PRAYER

WHEREFORE, having fully answered or otherwise responded to the allegations in the Complaint, Experian prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety and with prejudice;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*Dated: December 20, 2016*

**BILLY J. GUIN, JR., L.L.C.**
400 Travis, Suite 1703
Shreveport, LA 71101
(318) 841-2595
(318) 841-2597 – FAX
bguin@billyguinlaw.com

By: *s/Billy J. Guin, Jr.*
    BILLY J. GUIN, JR. #6587

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

This is to certify that on this 20th day of December 2016, a true and correct copy of the foregoing document was provided to counsel of record for the parties via electronic mail.

><u>*/s/ Billy J. Guin, Jr.*</u>
>Billy J. Guin, Jr.